PILLSBURY CO., PLAINTIFF *v.* UNITED STATES, MICHAEL LANE, ACTING COMMISSIONER OF CUSTOMS, GARNET J. FEE, REGIONAL COMMISSIONER OF CUSTOMS, NORTH CENTRAL REGION, AND SYLVIA L. PFEFFER, CHIEF DRAWBACK BRANCH, U.S. CUSTOMS SERVICE, NORTH CENTRAL REGION, DEFENDANTS

Court No. 93–03–00161

(Decided November 10, 1993)

*Neville, Peterson, & Williams (John Peterson, George W. Thompson, Jr., Peter Allen)* for plaintiff.

*Frank W. Hunger,* Assistant Attorney General; David M. Cohen, U.S. Department of Justice, Civil Division, Commercial Litigation Branch *(Jeffrey M. Telep);* of counsel: *Patrice Scully,* U.S. Customs Service, Assistant Regional Counsel, for defendant.

### JUDGMENT

MUSGRAVE, *Judge:* On November 5, 1993, the Court heard argument on whether the Commissioner of Customs should be enjoined from effecting revocation by way of a September 28, 1993 letter of plaintiff's Export Summary Procedure ("ESP"), and the "blanket waiver," granted to plaintiff under 19 C.F.R. § 191.141(b)(2)(ii), of the "pre-export notification requirements" for same condition drawback claims filed under 19 U.S.C. § 1313(j).

There was a pre-existing Order in this matter issued by the Court on May 4, 1993, permitting plaintiff to continue to operate under ESP while providing an opportunity for Customs to exercise its plenary right to inspect the specific goods at issue. That Order, in turn, was an attempt

to resolve, to the mutual satisfaction of the parties, the issue of how to proceed with exportations of asparagus to Canada by Pillsbury during the 8-week harvest season ending in June for the purposes of potential claims for same condition duty drawback. The May 4, 1993 Order prevented Customs from effecting its original letter dated November 3, 1992, revoking ESP privileges for all products including asparagus, which gave rise to plaintiff's complaint, filed March 16, 1993. At the same time, the Court indirectly gave partial effect to an intervening letter dated April 2, 1993 from the Customs Service which attempted to cure certain overbroad aspects of the November 3, 1992 letter.

In the April 2, 1993 letter, Customs rescinded its revocation of Pillsbury's ESP privileges for products other than asparagus and converted its revocation of those rights for asparagus into a suspension of those rights. This letter was issued without regard for the jurisdiction of this Court, which was seized as of the day of the complaint, *i.e.,* March 16, 1993. Consequently, the Court need not have recognized the April 2, 1993 letter. Nonetheless, the Court saw no harm in giving interlocutory effect to the language contained within regarding rescission of the revocation of all ESP rights for all Pillsbury products. That the rest of the April 2, 1993 letter was not given effect is obvious from the Court's May 4, 1993 Order.

The September 28, 1993 letter, issued without regard for, or leave from the Court, curiously again revokes Pillsbury's ESP privileges for asparagus while at the same time incorporating the Court's May 4, 1993 Order.[1] Additionally, defendant submitted the following comments regarding the September 28, 1993 letter: "Certainly, the September 28, 1993 notice suggests that Customs would not consider the November 3, 1992 [letter] [*sic*] as still having any legal effect. If the November 3, 1992, notice no longer has any legal effect, then, at most, this Court can issue an advisory opinion with respect to it." *Defendant's Response to Order to Show Cause Why Plaintiff's Renewed Application for a Preliminary Injunction be Denied at 33–34.*

If the April 2, 1993 letter and the September 28, 1993 letters are read together, including the latter's incorporation of the Court's May 4, 1993 Order, the defendant appears to have ceded the restrictions of the November 3, 1992 and the April 2, 1993 letter, except as specified in the Court's May 4, 1993 Order. If the combined effect of these letters and the Court's May 4, 1993 Order is to permit Pillsbury to exercise its privileges, albeit under supervision, throughout the harvest and export season, the Court sees little value in revisiting the validity of the November 3, 1992 letter.[2] This is especially true since, as plaintiff asserts, same

---

[1] The Court notes with approbation that the Customs Service has included the Court's rulings in its determinations.

[2] Defendant notes that the Court found some "unspecified" defect in the November 3, 1992 letter. *Defendant's Response* at 26. To clarify, the Court found that to revoke Pillsbury's ESP privileges based on an "ongoing investigation" was not adequate notice under the Customs Service's regulations so that Pillsbury could respond to or rebut the charges in a meaningful way—before the Customs Service or the appellate administrative tribunal. At a minimum, Pillsbury should have been informed of the nature of the investigation and the subject product(s).

condition substitution drawback for agricultural products exported from the United States to Canada shall be terminated as of January 1, 1994 by operation of the United States—Canada Free Trade Agreement. *See C.S.D. 93–17, Customs Bulletin and Decisions* (Vol. 27, No. 42, Oct. 20, 1993).[3]

Consequently, the Court believes that Pillsbury will receive all the relief this Court may ultimately grant by ordering that all shipments of asparagus up to September 28, 1993 are governed by the May 4, 1993 Order preserving Pillsbury's ESP privileges subject to inspection and by likewise converting the defendant's rescission of the revocation of ESP privileges regarding all other products into judgment, thereby formally sanctioning restoration of ESP privileges for those products. The Court may not, however, order the Customs Service to ever more refrain from reviewing Pillsbury's ESP privileges.

The portion of the September 28, 1993 notice that purports to revoke ESP while at the same time giving effect to the Court's May 4, 1993 Order is a nullity. On the other hand, the Court determines that the time frame set forth for this litigation in the May 4, 1993 Order and in an accompanying Scheduling Order dated August 9, 1993 was artificial. The proper course of action is to base this interlocutory relief on the period of the harvest, which for convenience shall terminate as of September 28, 1993. Now that Pillsbury has obtained the essence of the relief it sought from this Court, the dispute raised in its complaint is deemed settled.

The Customs Service is thus, as noted above, with regard to any shipments for export subsequent to September 28, 1993, entitled to reassess its position regarding ESP privileges for Pillsbury's products. The Court stresses that this judgment is not a ruling on the fungibility of Pillsbury's imported and exported asparagus; nor is it a ruling on the merits of Pillsbury's potential claims for drawback. This judgment does, however, re-incorporate the filing provisions for asparagus determined in the May 4, 1993 Order covering all exports of asparagus made up to and including September 28, 1993. The relevant provisions of the May 4, 1993 Order state:

> ORDERED, that Pillsbury shall document its compliance with this Order by providing to officials at the Customs Port Dock or the CES, at the time the exported fresh asparagus is presented for examination, a notice on Customs Form 7539J identifying the merchandise to be exported, the exporting carrier, the place and time of exportation and the ultimate port of destination. The Customs Form 7539J Notice will contain a printed disclaimer indicating the form is not filed as a claim for duty drawback, but rather that: "This document is submitted to Customs solely for the purpose of providing notice of intent to export in accordance with the Order of the United States Court of International Trade in *Pillsbury Company v. United States,* Court No. 93–03–00161. It shall serve only as notice of in-

---

[3] Since according to C.S.D. 93–17 substitution same condition drawback will no longer be available for asparagus exported to Canada, the issue in this case is not likely to arise again on these facts.

tent to export, and shall not be considered nor processed as a claim for duty drawback"; and it is further—

ORDERED, that within one year after exportation, or such further period as this Court may by order allow, Pillsbury shall have the option to convert the notice of exportation into a claim for duty drawback by striking the disclaimer, completing all information required on the Customs Form 7539J to complete a claim for drawback, and submitting such additional documentation as may be required to complete the claim; and it is further—

ORDERED, that this Order shall remain in effect for one year from the date it is signed, subject to such extensions as the Court may order upon application of the parties, unless earlier modified or dissolved.

*Order of May 4, 1993.*

Accordingly, partial judgment is entered for the plaintiff and partial judgment is entered in favor of defendant.